UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

JULIA LOPEZ-MOTHERWAY,

                Plaintiff,               **COMPLAINT**

        -against-                  **JURY TRIAL DEMANDED**

CITY OF LONG BEACH, CITY OF LONG BEACH
POLICE DEPARTMENT, MARK STARK, JOSEPH
WIEMANN, WALTER MUNSTERMAN, BRIAN
WELLS, LUCAS, DIKRANIS, FRANK DIKRANIS,
AND POLICE OFFICERS "JOHN AND JANE DOES 1-
10",

                Defendants.
-----------------------------------------------------------------X

      Plaintiff, JULIA LOPEZ-MOTHERWAY, by her attorneys, Iaconis Fusco, LLP, as and

for her complaint against the Defendants CITY OF LONG BEACH, CITY OF LONG BEACH

POLICE DEPARTMENT MARK STARK, JOSEPH WIEMANN, WALTER MUNSTERMAN,

BRIAN WELLS, LUCAS, DIKRANIS, FRANK DIKRANIS, AND POLICE OFFICERS "JOHN

AND JANE DOES 1-10",  (hereinafter collectively "Defendants") or individually as Defendant

Stark, Defendant Wiemann, Defendant Munsterman, Defendant Wells, Defendant Dikranis,

(collectively "Defendant Police Officers") and Defendant Frank Dikranis respectfully alleges as

follows:

## PRELIMINARY STATEMENT

      1.    This is a civil action seeking monetary relief, a declaratory judgment,

compensatory and punitive damages, disbursements, costs and fees for violations of the

Plaintiffs rights, brought pursuant to *42 U.S.C.* § 1983, false arrest, malicious

prosecution, abuse of process, and negligence/gross negligence. These actions include

1

federal and state-law claims.

2.       Specifically, Plaintiff allege that the Defendants negligently, wantonly, recklessly, intentionally, unreasonably, and knowingly sought to and did wrongfully deprive Plaintiff of her Constitutional and common law rights, pursuant to the above mentioned statutes and causes of action, by committing acts under color of law and depriving the Plaintiff of rights secured by the Constitution and laws of the State of New York.

3.       Plaintiff alleges that Defendants (collectively and individually), their agents, employees and servants unlawfully brutalized, injured and/or subjected Plaintiff JULIA LOPEZ MOTHERWAY to gross excessive force, wrongfully detained, illegally and unconstitutionally seized, falsely arrested, intentionally and falsely imprisoned, falsely accused, harassed, defamed and maliciously charged Plaintiff JULIA LOPEZ MOTHERWAY with crimes, which Defendants knew were false at all times.

4.       Plaintiffs allege that the Defendants (collectively and individually) were negligent in their failure conduct a proper investigation, or intentionally refused to consider exculpatory evidence that was in Defendants' own possession(s), and was readily available and/or easily obtainable. Furthermore, the defendants knew or should have known about the existence of said exculpatory evidence, but failed to review the evidence in violation of the plaintiffs' constitutional and civil rights.

5.       Plaintiff further alleges that Defendants (collectively and individually) were grossly negligent in training, hiring and supervising its Defendant Police Officers.

6.       Additionally, Defendants are liable to the Plaintiff for conspiring to condone and encourage such civil rights violations by failing to properly investigate and punish the actions of the Defendant police officers, and by maliciously failing to investigate, abusing process, wrongfully arresting and maliciously prosecuting Plaintiff JULIA LOPEZ

MOTHERWAY.

7.      As a result of the defendants' actions (or lack thereof), Plaintiff JULIA LOPEZ MOTHERWAY was improperly subjected to excessive force, serious and permanent injuries, and a period of wrongful imprisonment. The Plaintiff JULIA LOPEZ MOTHERWAY was also wrongfully forced into and subjected to criminal proceedings and prosecution.

8.      Furthermore, Plaintiff incurred significant cost and expenses due to the Defendants' actions, including but not limited to: serious and permanent physical injuries, substantial legal fees, medical bills, lost wages, loss of employment, loss of employment, loss of prospective business and employment opportunities, prolonged incarceration and confinement to hospital and/or home, loss of reputation and standing in the community and in his professional capacity, and other injuries/damages.

## JURISDICTION AND VENUE

9.      The jurisdiction of this Court is invoked under *28 U.S.C.* §§ 1331 and 1343. This Court is requested to exercise supplemental jurisdiction with respect to Plaintiff's State Law claims pursuant to 28 U.S.C. § 1367.

10.      Venue in the Eastern District of New York is proper under 28 *U.S.C.* § 1391, based on the fact that the place where the events and violations herein alleged occurred was Nassau County.

11.      Prior to filing the instant Complaint, Plaintiff timely filed and/or served a notice of Claim on Defendants via the Office of the City of Long Beach Corporation Counsel. The Notices of Claim was hand delivered on October 10, 2018.

12.      Upon information and belief, Defendants provided Plaintiff with notice that they wished to conduct a hearing pursuant to § 50-h of the General Municipal Law. Plaintiff, through Counsel, adjourned said hearing pending the criminal matter. However, once the

criminal matter ceased, Plaintiff notified Defendants of their willingness to appear for a 50-h examination.

13.     Defendants conducted a hearing/examination, pursuant to General Municipal Law § 50-h on December 17, 2019.

## THE PARTIES

14.     Plaintiff JULIA LOPEZ MOTHERWAY is a college-educated businesswoman who resides in Long Beach, New York. At all times relevant to the Complaint, Plaintiff was gainfully and steadily employed before she was brutally injured by the Police Officers herein. As a result of the injury, JULIA LOPEZ MOTHERWAY will be unable to resume full employment, will lose substantial retirement benefits, and will likely be on disability for the remainder of her life.

15.     Upon information and belief, Defendant CITY OF LONG BEACH (hereinafter "Defendant CITY") is a duly constituted municipal corporation of the State of New York.  Upon information and belief, the CITY formed and has direct authority over several different departments including the CITY OF LONG BEACH POLICE DEPARTMENT and the Long Beach District Court. The aforementioned departments and/or the employees, agents or representatives of said departments are directly involved in violations that are the at issue in this Complaint.

16.     Upon information and belief, Defendants MARK STARK, JOSEPH WIEMANN, WALTER MUNSTERMAN, BRIAN WELLS, and LUCAS, DIKRANIS were and/or are agents, officers, representatives, and/or police officers of the City of Long Beach Police Department at all times relevant to the Complaint.  Upon information and belief, each of the aforementioned were police officers assigned to the Precinct located in Nassau County, Long Beach, New York. Said POLICE OFFICERS were acting in furtherance of the scope of their employments, acting under color of law - to wit under color of statutes,

4

ordinances, regulations, policies, customs and usages of the Defendant City of Long Beach. Said POLICE OFFICERS are being sued herein in their individual and official capacities.

17.     Upon information and belief, POLICE OFFICERS JOHN AND JANE DOES 1-10, in their individual and official capacities, was and/or are agents, officers, representatives, and/or police officers of the City of Long Beach Police Department at all times relevant to the Complaint. Said POLICE OFFICERS were acting in furtherance of the scope of their employments, acting under color of law - to wit under color of statutes, ordinances, regulations, policies, customs and usages of the Defendant CITY.

18.     The Identities of said POLICE OFFICERS JOHN AND JANE DOES 1-10 are currently unknown to Plaintiffs and are known to Defendants. These Officers/Detectives are also being sued herein in their individual and official capacities. Plaintiffs reserve the right to amend the Complaint upon discovery of the names of the individual Officers.

19.     Defendant FRANK DIKRANIS in his individual and official capacity, was and/or is an agent, officer, representative, and or judge for the City of Long Beach. Defendant FRANK DIKRANIS was acting in furtherance of the scope of his employment, acting under color of law - to wit under color of statutes, ordinances, regulations, policies, customs and usages of the Defendant CITY.

### FACTUAL ALLEGATIONS

20.     On or about July 14, 2018, Plaintiff JULIA LOPEZ MOTHERWAY was wrongfully arrested and caused to be seriously and permanently injured by Defendants MARK STARK, JOSEPH WIEMANN, WALTER MUNSTERMAN, BRIAN WELLS, and LUCAS, DIKRANIS.

21.     On or about July 14, 2018, prior to the wrongful arrest incident with Defendant Police, Plaintiff was on her way back home from the Nassau County Medical Examiner's Office after having attempted to identify her deceased mother's body.

22.     On or about July 14, 2018, while on her way back from the Nassau County Medical Examiner's Office after having attempted to identify her deceased mother's body, Plaintiff received word that someone had broken into her deceased mother's apartment (Apartment 7), located at 51 Georgia Avenue, Long Beach, New York (the "Premises").

23.     Plaintiff called the City of Long Beach Police Department (the "LBPD") at 10:49 p.m. and again at 11:09 p.m., to make sure officers were responding to the scene. A representative of the LBPD told Plaintiff that police officers were on the way to the scene.

24.     At approximately 11:20 p.m., Plaintiff arrived at the Premises, where, to her dismay, she observed the front door of Plaintiff's deceased mother's apartment removed and her belongings ransacked. Plaintiff further observed her estranged sister Jennifer Lopez and Jennifer Lopez's girlfriend named "Elyse" on the floor of her deceased mother's apartment, rummaging through her deceased mother's belongings.

25.     Plaintiff informed Police Officer Michael Garofalo that she is the daughter of the deceased woman whose apartment was burglarized. After asking Officer Garofalo what had happened, Officer Garofalo told Plaintiff she had to leave. Plaintiff listened to Officer Garofalo's order and left the apartment. Plaintiff then headed downstairs and out the door to the front of the Premises. At that time, Plaintiff observed commotion at the front of the Premises. In this regard, Plaintiff observed Jennifer Lopez exiting the Premises in handcuffs, while screaming.

26.     After the area had cleared out, while standing on the sidewalk in front of 51 Georgia Avenue, Long Beach, New York, a public street, Plaintiff recorded her surroundings on her iPhone 8 Plus. Lieutenant Mark Stark then asked Plaintiff why she was there. Plaintiff informed Lieutenant Stark that she had called the LBPD at 516-431-1800. Plaintiff continued to record the events as she crossed the public street to where she stood on the sidewalk in front of the restaurant The Cabana, located at 1034 W. Beech Street, Long Beach, New York.

27.     While there, Plaintiff observed Police Officer Joseph Wiemann and Lieutenant

6

Stark standing idly. Then, Lieutenant Stark, while standing in front of an unmarked black sport utility vehicle parked at 51 Georgia Avenue, began staring at Plaintiff, flashing a flashlight in Plaintiff's face in an up and down motion.

28.     Lieutenant Stark then started walking toward Plaintiff to where Plaintiff stood on the sidewalk in front of The Cabana. Lieutenant Stark held the very bright flashlight, relentlessly shining it in front of Plaintiff's face, blinding her eyesight and causing pain to her eyes. Lieutenant Stark told Plaintiff to leave. Plaintiff stated, in sum and substance: "Okay, goodnight."

29.     Plaintiff, while still recording with her iPhone 8 Plus, continued to walk backwards—in the opposite direction of 51 Georgia Avenue and east, in the direction of Plaintiff's home. Lieutenant Stark continued to follow Plaintiff, still shining the flashlight in her eyes.

30.     Then, without warning, a LBPD police officer pulled Plaintiff's right hand, the hand in which Plaintiff held her iPhone 8 Plus, and twisted Plaintiff's left arm up and around Plaintiff's back. Police Officer John Doe No. 1 attacked Plaintiff from her back and slammed Plaintiff to the concrete sidewalk, causing Plaintiff extreme pain in all areas of her back, arms, face, teeth, and shoulder, as well as swelling, bruising, lacerations, and excessive bleeding. Plaintiff started screaming: "Help me! Please, somebody help me! Why are you doing this to me? Ow, that hurts, please stop!" Plaintiff continued to feel excruciating pain, and she yelled: "Ow, my shoulder, ow it hurts!" Officer John Doe No. 1 then stated, in sum and substance: "Shut up, or I'll break your shoulder!"

31.     At no time prior to or during the LBPD's unwarranted attack on Plaintiff did any officer of the LBPD ever state that Plaintiff was being placed under arrest.

32.     Officer John Doe No. 1's excessive, unwarranted force used on Plaintiff caused Plaintiff to feel scared, alarmed, and in fear for her safety and well-being. Plaintiff observed Lieutenant Stark holding Plaintiff's iPhone 8 Plus in his hand, which she immediately

recognized due to its Case-Mate brand name and its bright pink and gold color. Officer John Doe No. 1 placed Plaintiff in handcuffs and under arrest, confining Plaintiff without her consent, without justification, and without any evidence of wrongdoing.

33.    After being transported from the scene of Plaintiff's false arrest, Plaintiff was escorted in handcuffs into the LBPD where Sergeant Walter Munsterman sat. Plaintiff told Sergeant Munsterman that her mom died and she that needed help. Sergeant Munsterman, ignoring Plaintiff's comments, stated, in sum and substance: "You need to act like a lady and shut up."

34.    Plaintiff, visibly saddened, began sobbing again. Plaintiff was placed into a small jail cell in a small room and handcuffed to the wooden bench, on which Plaintiff sat. Plaintiff was in excruciating pain and bleeding from her face, left arm, knees, legs, toes, and was experiencing numbness and extreme tingling in both of Plaintiff's hands.

35.    Plaintiff, still crying, asked Police Officer Brian Wells what happened and why Plaintiff was there. Plaintiff was crying because of the fear and pain she was experiencing as a result of her false arrest and the excessive force the LBPD employed on her, as a result of being wrongfully stripped of her liberty and withheld from her two young daughters, and due to having just recently learned of Plaintiff's mother's death.

36.    Officer Wells then came into the cell and asked Plaintiff to sign a paper for her belongings, which Plaintiff signed. Plaintiff informed Officer Wells that she was in excruciating pain, bleeding, and needed medical assistance, but Officer Wells ignored Plaintiff's request for medical attention and left the room.

37.    When Officer Wells came back to the room, Plaintiff informed him that she could not feel her hands and that they were tingling profusely. Officer Wells told Plaintiff that it would go away. In the meantime, blood kept pouring from all of Plaintiff's open flesh cuts. Plaintiff again informed Officer Wells that she needed medical attention.

38.    Eventually, after Plaintiff's numerous requests for medical attention and after

waiting for what she perceived as hours without medical attention, two paramedics arrived in Plaintiff's jail cell and rendered medical attention to Plaintiff.

39.     Plaintiff then asked Officer Wells for her phone. Plaintiff told him that Lieutenant Stark took it from her. He said: "That's what insurance is for." Plaintiff informed Officer Wells that her iPhone 8 Plus was brand new and that she still owed $400 on it. Officer Wells remained quiet. Plaintiff then stated, in sum and substance: "I will track my phone and find it." Officer Wells then left the room. Shortly after, Lieutenant Stark came back in holding Plaintiff's iPhone 8 Plus, but it was missing Plaintiff's Case-Mate phone case. Lieutenant Stark then placed the iPhone 8 Plus on the desk and stated, in sum and substance: "Here's princess's phone." He then picked up Plaintiff's driver's license and started looking at it. Lieutenant Stark then stated, in sum and substance: "Really pretty picture. You're really pretty."

40.     Throughout the night, Officer Wells kept going in and out of the jail cell room and into the other room where Plaintiff heard talking. Officer Wells repeatedly asked another police officer named "Luke" questions about the subject event. Upon information and belief, the officer named "Luke" was Police Officer Lucas Dikranis, who, earlier in the night prior to Plaintiff's false arrest, had placed Plaintiff's estranged sister under arrest. Officer Wells then stated to Officer Dikranis, in sum and substance: "But I wasn't there." Earlier that night, Officer Dikranis had left 51 Georgia Avenue to transport Plaintiff's estranged sister to the LBPD precinct to process her arrest, and, as such, Officer Dikranis never witnessed the events leading up to Plaintiff's arrest. Notwithstanding having no first-hand knowledge of the incident and circumstances leading to Plaintiff's arrest, Officer Dikranis told Officer Wells (who was not present for the incidents surrounding Plaintiff's false arrest) what to write in Plaintiff's incident/arrest paperwork. Officer Dikranis leaned over the shoulders of Officer Wells as Officer Wells typed the incident report, coaching Officer Wells on what to write and edit in the report. Plaintiff heard extensive whispering back and forth between Officer Wells and Officer Dikranis regarding the report. Officer Wells continued to type in front of Plaintiff.

9

41.     Eventually, police officers informed Plaintiff that she would be seeing the judge soon. One by one, the police officers took Plaintiff and the other inmates to see the judge. Plaintiff was escorted out of the jail cell and was handcuffed at her hands and shackled at her ankles. Plaintiff walked slowly, scared and sobbing through a hallway and into an office room. In the office room, Plaintiff observed two desks on the left and two on the right. Upon entering the room, Plaintiff observed Judge Frank Dikranis, who sat on the corner of the farthest desk to the left. He had glasses on, and was wearing khaki shorts, a blue t-shirt, tube socks, and sneakers. Without an attorney present in the room to represent Plaintiff, without offering Plaintiff any form of legal representation before conducting such an adversarial proceeding, in the absence of a court reporter, and in direct contravention of Plaintiff's civil liberties and due process, Judge Dikranis set bail on Plaintiff in an *ex parte* proceeding. During this *ex parte* proceeding, Judge Dikranis read from papers resting on top of a folder. Judge Dikranis then stated aloud, in sum and substance: "$2,000 bail, $1,000 cash." Then, the two officers who had escorted Plaintiff into the room then escorted Plaintiff out of the room and back into the jail cell.

42.     Plaintiff was told that if she did not come up with the $1,000, then, by 6:00 p.m., Plaintiff would be transferred to county jail. On July 15, 2018, at approximately 1:00 p.m., after getting a hold of a friend, who posted $1,000 cash bail on Plaintiff's behalf, Plaintiff exited the police station. After exiting, Plaintiff turned on her iPhone 8 Plus and was unable to retrieve the videos of her encounters with the LBPD because Lieutenant Stark had deleted the videos. Plaintiff then went into her "Recently Deleted" folder on her iPhone 8 Plus, where she found the videos. Plaintiff retrieved the video of her attack and viewed it. Plaintiff then asked her husband to take her to the emergency room in Long Beach as she was in excruciating pain, feared infections from her open, bleeding lacerations and bruising, and had no feeling in her hands and fingers.

43.     Plaintiff was falsely arrested, falsely imprisoned, and maliciously prosecuted,

in violation of her constitutional rights, by officers who were employees of the LBPD. At all times, the police officers herein were acting under color of state law in the scope of their employment as City of Long Beach police officers. Furthermore, the LBPD did not have probable or reasonable cause or a valid arrest warrant to arrest Plaintiff. Thereafter, Judge DiKranis set bail on Plaintiff in a critical bail proceeding tantamount to an arraignment without affording her the right to an attorney, in violation of the Sixth and Fourteenth Amendments to the United State Constitution and in violation of New York law.

44.     On July 16, 2018, Plaintiff appeared in the City Court of the City of Long Beach for the first time in connection with her false arrest. As noted above, Judge Dikranis had already set bail on Plaintiff on July 15, 2018, without affording her the right to an attorney to argue why bail should not have been set or to represent her legal interests in general in this critical proceeding affecting her liberty. Plaintiff essentially had been arraigned in an ex parte proceeding, without legal representation, in that small office room inside of the LBPD.

45.     Thereafter, on July 16, 2018, after Judge Dikranis had already set $1,000 bail/$2,000 bond on Plaintiff without affording her legal counsel, Plaintiff was assigned an attorney. Under Docket No. CR-02237-18, Plaintiff was wrongfully charged and maliciously prosecuted with Resisting Arrest, pursuant to New York Penal Law Section 205.30, and Disorderly Conduct, pursuant New York Penal Law Section 240.20. As evidenced by the minutes from Plaintiff's July 16, 2018 appearance, Judge Dikranis stated on the record: "Bail is one thousand over two thousand. I'll continue that unless anyone wishes to be heard." See Exhibit 1.

46.     Defendants then caused and supported the process leading Plaintiff to be falsely charged with Resisting Arrest and Disorderly Conduct

47.     At all times, collective Defendants were aware that their allegations, statements, and arrest paperwork contained false allegations against Plaintiff.

48.     At all times, Collective Defendants were aware that their false allegations,

11

false statements, and false arrest paperwork would be utilized to subject Plaintiff to a malicious criminal prosecution.

49.     At all times, Collective Defendants were aware that their false allegations, false statements, and false arrest paperwork could cause Plaintiff to undergo further negative stigmatization, prolonged incarceration, loss of freedom, unnecessary seizure, loss of standing in his community and in her employment, and damage to name and reputation.

50.     At all times, Collective Defendants were aware that their false allegations, false statements, and false arrest paperwork could cause Plaintiff to suffer further loses, special damages (including attorney's fees and medical costs), emotional injuries, and a criminal record.

51.     Collective Defendant Police Officers disregarded the known and obvious adverse consequences that they each knew would be caused to Plaintiff and continued in their malicious efforts to ensure that Plaintiff would be indicted and subjected to criminal penalties.

52.     Upon information and belief, collective Defendants willingly submitted their false allegations, false statements, and false arrest paperwork for the purposes of securing a wrongful conviction against Plaintiff.

53.     Upon information and belief, collective Defendants willingly withheld exculpatory evidence and other items tending to prove the innocence of Plaintiff.

54.     Collective Defendants willingly and unreasonably supported and advanced the wrongful criminal prosecution against Plaintiff.

55.     The malicious prosecution of Plaintiff continued for twelve (12) months due to the oppressive actions of collective Defendants who insisted that the false prosecution of Plaintiff continue. However, the case was ultimately transferred from the City of Long Beach to Nassau County.

56.     In July 2019, almost immediately after the case was transferred from the City

of Long Beach to the Nassau County District Attorney's office, and after showing the prosecutor in Nassau County a video of the incident leading up to and including Plaintiff's unlawful arrest, the criminal charges against Plaintiff were dismissed entirely.

57.   The criminal court judge handling the case even acknowledged that Plaintiff had been exonerated, as the charges against Plaintiff were voluntarily dismissed against Plaintiff.

58.   At all times relevant to the Complaint, collective Individual Defendants, the Defendant CITY OF LONG BEACH, as well as its departments and agents, were aware that they lacked sufficient and/or credible evidence to maintain the criminal prosecution against Plaintiff.

59.   At all times relevant to the Complaint, Collective Individual Defendants, the Defendant CITY OF LONG BEACH, as well as its departments and agents were aware that the evidence offered by Individual Defendants against Plaintiff were false, suspect, and or required additional investigation.

60.   Nevertheless, at all times relevant to the Complaint  the Defendant CITY OF LONG BEACH, as well as its departments and agents, intentionally maintained the criminal action against Plaintiff for over a year in an effort to force Plaintiff to plea to a criminal charge prior to trial.

## AS AND FOR COUNT ONE
## 42  U.S.C. § 1983 EXCESSIVE FORCE

61.   Plaintiff repeats, reiterates, and reallege each and every allegations contained in paragraphs 1 through 60 of this Complaint with the same force and effect as though fully set forth herein.

62.     MARK STARK, JOSEPH WIEMANN, WALTER MUNSTERMAN, BRIAN WELLS, LUCAS, DIKRANIS, AND POLICE OFFICERS "JOHN AND JANE DOES 1-10" ("Collective Defendants") lacked reasonable cause to injure, assault, batter, seize, search, manhandle, menace and/or otherwise subject Plaintiff to violent physical contact.

63.     Collective Defendants lacked reasonable cause to arrest Plaintiff JULIA LOPEZ MOTHERWAY or retain her in prolonged custody.

64.     The wrongful detainment, wrongful arrest, excessive force, and other wrongful acts conducted against the Plaintiff by COLLECTIVE DEFENDANTS, their agent, employees and servants, were committed under the color of law, customs, and statutes of the State of New York to deprive Plaintiff of her various constitutional rights.

65.     Plaintiff was placed in fear for her life, falsely seized, falsely detained and falsely arrested by the Defendants and unreasonably subject to excessive and unreasonable force and unlawful search and seizure.

66.     Plaintiff was placed in fear for her life, falsely arrested, falsely seized, detained, and held for an unreasonable period of time against his will without justification, explanation or rationale for such detention.

67.     While being detained, Plaintiff was subject to excessive and unreasonable force and to an unlawful search and unlawful imprisonment.

68.     Collective Defendants were each aware of the unreasonable and unlawful physical abuse, detention , stop, search, and seizure of Plaintiff.

69.     Such search, seizure, arrest, detention and assault was ordered, condoned and authorized by CITY OF LONG BEACH, its agents, employees, and servants

including but not limited to Collective Defendants with unreasonable, callous, deliberate indifference to Plaintiff's innocence and physical welfare.

70.     As part of the false arrest, detention and accusations, Collective Defendants caused Plaintiff to be seriously and permanently injured, seized, arrested and held in a dangerous, compromising position for an unreasonable time without probable cause and caused her to be deprived of her liberty, without due process and was further exposed to disgrace, public humiliation and embarrassment.

71.     Collective Defendants individually and collectively knew at the time of the Plaintiff's arrest and at all times since then that the Plaintiff was falsely accused of the criminal activity and the Plaintiff's arrest was based solely, or in part, on COLLECTIVE DEFENDANTS' motive or intent to cover-up their excessive force upon Plaintiff.

72.     Each of the Individual Defendants acting under color of law, acted unreasonably, and separately and/or in concert acted willfully, knowingly, and purposefully with the specific intent to deprive Plaintiff of his right to freedom from illegal seizure and freedom from illegal detention and imprisonment. All of these rights are secured to Plaintiff by the provisions of the due process clause of the Fifth and Fourteenth Amendments to the Constitution of the United States, the Fourth Amendment and by 42 U.S.C. § 1983.

73.     In falsely arresting, abusing, detaining, coercing, threatening, intimidating, and interrogating Plaintiff, the Defendants each knew or should have known they were violating laws of the State of New York and those statutory and Constitutional rights set forth herein and have failed to prevent the same and therefore acted in concert to harm Plaintiff.

74.     As a direct consequence of the unreasonable excessive actions of the Collective Defendants acting in furtherance of their duties as agents of the CITY OF LONG BEACH, Plaintiff suffered permanent, serious, and debilitating physical injuries.

75.     As a direct consequence of the actions of the Collective Defendants, Plaintiff suffered loss of employment, loss of employment opportunity, loss of standing in the community, loss of time, criminal record, arrest record, damage to name and reputation, special damages, attorney's fees, medical fees/costs, incidental fees/costs, loss of property and other financial impairments and has been damaged in the sum of fifteen million ($15,000,000) dollars - not including the cost of this action, attorneys fees pursuant *42 U.S*.C. §1988, and punitive damages.

**AS AND FOR COUNT TWO**
**42 U.S.C. § 1983 MUNICIPAL LIABILITY**

76.     Plaintiff repeats, reiterates, and realle? each and every allegations contained in paragraphs 1 through 75 of this Complaint with the same force and effect as though fully set forth herein.

77.     In actively inflicting and failing to prevent the above stated abuses incurred by Plaintiff, the Defendants acted unreasonably, recklessly, and negligently in failing to exercise the slightest amount of due care to secure and protect the civil and constitutional rights of the Plaintiff against illegal search and seizure, physical abuse, detained custody and other due process violations. Said rights guaranteed to the plaintiff by *42 U.S*.C. § 1983 and by the Fourth, Fifth, and Fourteenth Amendment of the United States Constitution.

78.     The Municipal Defendant CITY OF LONG BEACH, which governs, controls, operates, manages, supervises, and created the CITY OF LONG BEACH POLICE

DEPARTMENT has permitted, tolerated and encouraged a pattern and practice of unjustified, unreasonable and illegal abuses, use of excessive force, false arrest, false imprisonment, false prosecutions of persons by its police officers, detectives, and law enforcement agents.

79.     Although such police conduct are improper, said incidents are routinely covered up by the CITY OF LONG BEACH, its agents, employees and servants by official claims that the officers' use of excessive force, harassments, false arrests, malicious prosecutions, and false imprisonments were justified and proper, or by leveling false charges against the persons so falsely charged, so as to insulate the offending police officers and other officials.

80.     Said charges and official claims have been fully backed by the CITY OF LONG BEACH and the CITY OF LONG BEACH POLICE DEPARTMENT, which has repeatedly and unreasonably sided with the abuse of persons so effected in nearly all cases, despite vast evidence of wrongdoing by its officers, including Plaintiff herein.

81.     Defendant CITY OF LONG BEACH and the CITY OF LONG BEACH POLICE DEPARTMENT has repeatedly and continuously engaged in and/or allowed is police officers such as the Collective Defendants to knowingly and willingly subject civilians to excessive force, file false reports, false criminal complaints, false criminal allegations, and false charges against innocent individuals such as Plaintiff with immunity.

82.     As a direct result of the CITY OF LONG BEACH's and the CITY OF LONG BEACH POLICE DEPARTMENT's policy, practice of condoning the excessive use of force by its police officers, and in allowing it Police officers, such as Defendant Officers herein to make false criminal complaints against innocent individuals, the CITY OF LONG BEACH's and the CITY OF LONG BEACH POLICE DEPARTMENT has been subjected to many

federal and state Complaints and lawsuits alleging that Police officers subject civilians to unlawful excessive force and then routinely file false reports against innocent persons in violation of section 1983.

83.     Additionally, the CITY OF LONG BEACH has systematically failed to identify the improper abuse, misuse, violative acts and brutality by police officers and officials, while further failing to subject such officers and officials to discipline, closer supervision or restraint. The CITY's continual refusal to train, supervise, instruct, discipline, and assure that the repeated abuses of it police officers (including writing true and accurate reports, perjury, falsely charging individuals, establishing probable cause, proper arrest procedures, and excessive force) was properly addressed constituted deliberate indifference to the rights, safety, and dignities secured by the public at large (including Plaintiffs herein). As a direct result its police officers continually write false reports, perjure themselves, falsely charge innocent persons and/or trump-up charges, arrest without probable cause, and subject individuals to excessive force.

84.     Upon information and belief, specific systemic flaws in the CITY OF LONG BEACH's supervision of its law enforcement agents and subsequent misconduct review process include but are not limited to the following:

   a. Preparing reports regarding investigations of unwarranted incidents as routine point-by-point justification of the police officers actions regardless of whether such actions are justified;

   b.     Police officers investigating unwarranted incidents systematically fail to credit testimony by non-police officer witnesses and uncritically rely on reports by police officers involved in the incident;

   c. Police officers investigating unwarranted incidents fail to include in their reports relevant factual information which would tend to contradict the statements of the police officer involved;

d. Supervisory police officers exonerate police officers for misconduct and abuse of process before the investigation of the incident by the police department has been completed;

e. Failing to reprimand, retrain, supervise, counsel, demote, suspend, terminate, and/or hold accountable it police officers accused of excessive force

f. hastily accepting the polices' above- as provided information from police reports regarding abuses and civil rights infringements, despite strong evidence to suggest that the police reports are inaccurate, untruthful, and meant to conceal blatant police misconduct; and

g. advising its law enforcement officers to level criminal charges against civilians who simply question police activity, no matter if said charges are justified, in order to force said civilian to engage in plea negotiations and/or plea offers which would effectively prevent false arrest and malicious prosecution charges from going forward against the City Of Long Beach and allowing said false criminal charges to continue despite overwhelming evidence that the criminal charges lack basis.

85. Said cover-up by the defendant, CITY OF LONG BEACH, was executed in this case, where the Defendant CITY, its agents, employees and servants failed to sufficiently investigate the truthfulness and accuracy of the Defendant Officer's, statements and instead acted under color of statute to knowingly, recklessly and/or negligently impose false criminal charges upon the Plaintiff.

86. By permitting and assisting such a pattern of police misconduct, the Defendant, CITY OF LONG BEACH acted under color of custom and policy to condone, encourage and promote the deprivation of Plaintiffs' Fourth, Fifth and Fourteenth Amendment rights; to wit the Collective Defendants were encouraged by the CITY OF LONG BEACH, to believe that their actions against the Plaintiff would be accepted just as these actions have been so accepted to date.

87. As a consequence of the defendants' systemic practice, pattern, and custom of intentionally promoting and supporting officers' and official violations of 42 U.S.C. § 1983,

Plaintiffs were deprived of their freedom(s)  and physically  and emotionally harmed, to the extent of which they suffered from permanent injuries, emotional anguish, special damages, legal fees/costs/expenses, medical costs, physical injuries, loss of employment, depression, sleeplessness, anxiety, and related emotional distress.

88.     As a direct consequence of the actions of the CITY OF LONG BEACH, Plaintiff suffered permanent, serious, and debilitating physical injuries, including but not limited to, paralysis, damage to her back and neck, damage to her wrists, damage to her hands, damages to her arms, damage to her spinal column, damage to her legs, feet, and lower extremities, bruising, internal bleeding, permanent scarring, loss of ability to perform minimal life function(s)  without assistance, severe mental/emotional/psychological/stress-related injuries, loss of/to marital relationship and consortium, damage to bodily integrity, loss of mobility, and permanent confinement to a bed.

89.     As a direct consequence of the actions of the Collective Defendants, Plaintiff suffered loss of employment, loss of employment opportunity, loss of standing in the community, loss of time, loss of freedom, loss of quality of life, criminal record, arrest record, damage to name and reputation, special damages, attorney's fees, medical fees/costs, incidental fees/costs, loss of property and other financial impairments.

90.     That by reason of the foregoing, Plaintiff has been damaged in the sum of fifteen million dollars ($15,000,000.00) - not including the cost of this action, attorneys fees pursuant *42 U.S.C.* §1988, and punitive damages.

## AS AND FOR COUNT THREE
## 42 U.S.C. §1983 - ABUSE OF PROCESS

91.     The Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs 1 through 90 of this Complaint with the same force and effect as though fully set forth herein.

92.     The Collective Defendants intentionally, recklessly and maliciously filed and/or caused to be filed, a false, inaccurate, and/or misleading criminal complaint against Plaintiff. Said criminal complaint was made by the aforementioned Defendants without research and investigation (of any kind) into the veracity and/or truthfulness of said complaint.

93.     The false criminal complaint lodged by Defendants against Plaintiff was done with knowledge that the facts contained therein were false, misleading and/or otherwise inaccurate.

94.     Collective Defendants did not file said criminal complaint as a result of actual knowledge that a crime was committed, determined through investigation and/or a simple rudimentary search, which was available to Defendants.

95.     Instead, Collective Defendants filed said false criminal complaint against Plaintiff with an ulterior purpose/motive to subject Plaintiff as punishment without lawful court order and to collect payments and various forms of restitutions from Plaintiff to which Defendants were not entitled. Defendants subjected Plaintiff to the criminal justice system without just cause or reason.

96.     CITY Defendants' motive for subjecting Plaintiff to false criminal process was to cover-up their wrongdoings, and to level charges against Plaintiff in an effort to ensure that Plaintiff would be convicted and would not be able to pursue her rights in court for her false arrest. Defendants also intended to cripple Plaintiff financially by forcing her into submitting to restitution payments, and courts fees/fines - not because they knew or believed that Plaintiff committed any criminal acts.

97.     The Defendants' clear intentions was to use the criminal justice system to cause harm to Plaintiffs without proper motive, excuse or justification of any kind.

98.     Defendants' use of criminal process for the aforementioned improper

purpose amounted to an abuse of said process, which was initiated and used to the detriment of Plaintiffs solely for a purpose that was/is outside the legitimate ends of the legal process.

99.     Defendants with knowledge of the inaccuracy and/or falsity of said criminal complaints made by Defendants, and without any investigation and/or rudimentary query, intentionally, recklessly and maliciously caused to be filed,  said false, inaccurate, and/or misleading criminal complaint against Plaintiff.

100.     The subsequent false arrest and malicious prosecution of Plaintiff was done by Defendants with knowledge that the facts contained therein were false, misleading and/or otherwise inaccurate.

101.     Defendant OFFICERS did not initiate the arrest and prosecution of Plaintiff as a result of actual knowledge that a crime was committed.

102.     Instead, Defendant OFFICERS searched, seized, harassed, annoyed, falsely arrested, falsely imprisoned, and maliciously prosecuted Plaintiff with an ulterior purpose/motive to collect payments, and fees. Defendants were motivated by the intent to subject Plaintiff to the criminal system in order to force, coerce and justify restitutions, payments, and fees from Plaintiff and to shield themselves from liability from the wrongful actions committed against Plaintiff.

103.     Defendants' clear intention was to use falsely arrest, and falsely prosecute Plaintiff and to cause harm to Plaintiff without proper motive, excuse, or justification of any kind.

104.     Defendants' use of criminal process for the aforementioned improper purpose amounted to an abuse of said process, which was initiated and used to the detriment of Plaintiff solely for a purpose that was/is outside the legitimate ends of the criminal process (i.e. to prevent criminal and professional liability to Defendants and to

obtain personal monetary returns).

105.    As a direct consequence of the Collective Defendants' wrongful actions, grossly negligent behavior, and violation of state/federal laws, Plaintiff was deprived of his freedom, subjected to false criminal arrest, subjected to malicious criminal prosecution, made to suffer great personal physical injuries, made to suffer financial/monetary injuries, subjected to great fear, terror, personal humiliation and degradation , and continues to suffer pain and mental and emotional distress as a result of the aforesaid unlawful conduct of the Defendants.

106.    As a direct consequence of the actions of the Defendants acting in furtherance of their duties as agents of the CITY OF LONG GBEACH, Plaintiff suffered permanent, serious, and debilitating physical injuries.

107.    As a direct consequence of the actions of the Collective Defendants, Plaintiff suffered loss of employment, loss of employment opportunity, loss of standing in the community, loss of time, loss of freedom, loss of quality of life, criminal record, arrest record, damage to name and reputation, special damages, attorney's fees, medical fees/costs, incidental fees/costs, loss of property and other financial impairments.

108.    That by reason of the foregoing, Plaintiff has been damaged in the sum of fifteen million dollars ($15,000,000.00) - not including the cost of this action, attorneys fees pursuant 42 U.S.C. §1988, and punitive damages.

### AS AND FOR COUNT FOUR
### 42 U.S.C. §1983 FALSE ARREST AND MALICIOUS PROSECUTION

109.    The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 108 of this Complaint with the same force and effect as though fully set forth herein.

110.    The Collective Defendants lacked reasonable suspicion to stop and detain

23

the Plaintiff and further lacked any probable cause to arrest her, cause her to be arrested, and/or to retain her in custody.

111.    Without such probable cause, Defendants wrongfully used physical force to arrest and detain the Plaintiff. During said time, Plaintiff was physically prevented from leaving the custody and kept there under the supervision and knowledge of the Defendants without access to his freedom, family and home. Defendants then fabricated false statements, falsified records, mis characterized facts, and engaged in perjury in Court in an attempt to justify their excessive force upon, and false arrest of Plaintiff.

112.    The subsequent malicious prosecution of Plaintiff, which was conducted by Collective Defendants with knowledge that Plaintiff was wrongfully stopped, falsely detained, assaulted/battered, AND wrongfully arrested, without any cause, was committed by Defendants under color of law, customs, and statutes of the State of New York. Defendants then fabricated false statements, falsified records, mis characterized facts, and engaged in perjury in an attempt to justify and further their malicious prosecution of Plaintiff.

113.    Under color of law, the Defendants deprived Plaintiff of her rights to protection from unlawful search and seizure by falsely charging Plaintiff  criminally and prosecuting the Plaintiff pursuant to said criminal statutes, for which there was no evidence or substantiation of any kind to support the allegations.

114.    The accusations of wrongful actions leveled against Plaintiff were false and were an attempt to cover up the false arrest and abuse of process which has been inflicted by Defendants on Plaintiff.

115.    The malicious prosecution of Plaintiff without probable cause,  and  other wrongful acts conducted against the Plaintiff by Defendants constitutes a violation of Plaintiff's rights, secured by the New York State Constitution, to be free from unreasonable

24

searches and seizures. Such actions were grossly negligent, reckless, unreasonable and unauthorized, as Defendants had a duty to not subject Plaintiff to summary punishment, but failed to prevent same and breached their duty.

116.    The Defendants acted under color of law to deny the Plaintiff his constitutional rights to due process and freedom from seizure, by wrongfully detaining them under the threat of imprisonment, without providing any reasonable basis and/or investigation warranting prosecution, or other due process guarantees secured to the Plaintiff.

117.    As a direct consequence of the actions of the Defendants acting in furtherance of their duties as agents of the CITY OF LONG BEACH, Plaintiff suffered loss of employment, loss of employment opportunity, loss of standing in the community, loss of time, loss of freedom, loss of quality of life, criminal record, arrest record, damage to name and reputation, special damages, attorney's fees, medical fees/costs, incidental fees/costs, loss of property and other financial impairments.

118.    That by reason of the foregoing, Plaintiff has been damaged in the sum of fifteen million dollars ($15,000,000.00) - not including the cost of this action, attorneys' fees pursuant *42 U.S.C.* §1988, and punitive damages.

*AS AND FOR COUNT FIVE*
**42 U.S.C. §1983 -FOURTH, FIFTH, FOURTEENTH AMENDMENT**
*and violation(s) of Plaintiff's Substantive Due Process Rights*

119.    The Plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs 1 through 118 of this Complaint with the same force and effect as though fully set forth herein.

120.    The Defendants knew or should have known that the assault, battery, detainment, assault, false arrest, and wrongful imprisonment of Plaintiff violated Plaintiff's various rights, guaranteed to her under the Fourth, Fifth, and Fourteenth Amendments.

121.    Each of the said Defendants had the authority, ability and concurrent duty under the Fourth, Fifth and Fourteenth Amendments to prevent the assault, false arrest, wrongful detainment and false charging of the Plaintiff, yet neglected to prevent said violations from occurring, and further failed to intervene to protect or aid the Plaintiff when such violations did in fact occur.

122.    The DEFENDANTS failure to stop these wrongful actions constitutes a breach of their duty, as public servants acting under the color of law, to do so under the Fourth, Fifth and Fourteenth Amendments.

123.    Defendants knew or should have known that the intentional and/or grossly negligent physical conduct, fabricated criminal charges, hospital prison-like confinement and other abusive actions against Plaintiff were violative of her Fourth, Fifth and Fourteenth Amendment rights to due process, and substantive due process rights under the Constitution.

124.    Defendants' false imprisonment, false accusations against, assault, battery, prolonged confinement, removal of Plaintiff from his family and friends while in the hospital, and acts of mental verbal abuse against Plaintiff violated Plaintiff's substantive due process rights to bodily integrity, familial association, access to the courts, access to her Counsel, life, liberty, property as well as Plaintiffs' rights to be free from cruel and unusual punishment.

125.    Defendant CITY OF LONG BEACH's position of taking no action and refusal to discipline the DEFENDANT OFFICERS for their misconduct against Plaintiffs is neglectful of their duty to prevent the further violation of Plaintiff's right to compensation under *42 U.S.C.* §1983, with such violation occurring as a result of said officers being improperly cleared of any wrongdoing, despite substantial eye-witness and physical evidence to the contrary.

126. As a direct consequence of the actions of Defendant Officers acting in

26

furtherance of their duties as agents of the CITY OF LONG BEACH, Plaintiff suffered permanent, serious, and debilitating physical injuries.

127.    As a direct consequence of the actions of the Collective Defendants, Plaintiff suffered loss of employment, loss of employment opportunity, loss of standing in the community, loss of time, criminal record, loss of freedom, loss of quality of life, arrest record, damage to name and reputation, special damages, attorney's fees, medical fees/costs, incidental fees/costs, loss of property and other financial impairments.

128.    That by reason of the foregoing, Plaintiff has been damaged in the sum of fifteen million dollars ($15,000,000.00) - not including the cost of this action, attorneys fees pursuant *42 U.S.C.* §1988, and punitive damages.

### AS AND FOR COUNT SIX
### ABUSE OF PROCESS (Under State Law)

129.    The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 128 of this Complaint with the same force and effect as though fully set forth herein.

130.    The Collective Defendants intentionally, recklessly and maliciously filed and/or caused to be filed, a false, inaccurate, and/or misleading criminal complaint against Plaintiff. Said criminal complaint was made by the aforementioned Defendants without research and investigation (of any kind) into the veracity and/or truthfulness of said complaint.

131.    The false criminal complaint lodged by Defendants against Plaintiff was done with knowledge that the facts contained therein were false, misleading and/or otherwise inaccurate.

132.    Defendants did not file said criminal complaint as a result of actual

knowledge that a crime was committed, determined through investigation and/or a simple rudimentary search, which was available to Defendants.

133.   Instead, Defendants filed said false criminal complaint against Plaintiff with an ulterior purpose/motive to subject Plaintiff as punishment without lawful court order and to collect payments and various forms of restitutions from Plaintiff to which Defendants were not entitled. Defendants subjected Plaintiff to the criminal justice system without just cause or reason.

134.   CITY Defendants' motive for subjecting Plaintiff to false criminal process was to cover-up their wrongdoings, and to level charges against Plaintiff in an effort to ensure that Plaintiff would be convicted and would not be able to pursue her rights in court for her false arrest. Defendants also intended to cripple Plaintiff financially by forcing her into submitting to restitution payments, and courts fees/fines - not because they knew or believed that Plaintiff committed any criminal acts.

135.   The Defendants' clear intentions was to use the criminal justice system to cause harm to Plaintiffs without proper motive, excuse or justification of any kind.

136.   Defendants' use of criminal process for the aforementioned improper purpose amounted to an abuse of said process, which was initiated and used to the detriment of Plaintiffs solely for a purpose that was/is outside the legitimate ends of the legal process.

137.   Defendants with knowledge of the inaccuracy and/or falsity of said criminal complaints made by Defendants, and without any investigation and/or rudimentary query, intentionally, recklessly and maliciously caused to be filed, said false, inaccurate, and/or misleading criminal complaint against Plaintiff.

138.   The subsequent false arrest and malicious prosecution of Plaintiff was done by Defendants with knowledge that the facts contained therein were false, misleading

and/or otherwise inaccurate.

139.   Defendant OFFICERS did not initiate the arrest and prosecution of Plaintiff as a result of actual knowledge that a crime was committed.

140.   Instead, Defendant OFFICERS searched, seized, harassed, annoyed, falsely arrested, falsely imprisoned, and maliciously prosecuted Plaintiff with an ulterior purpose/motive to collect payments, and fees. Defendants were motivated by the intent to subject Plaintiff to the criminal system in order to force, coerce and justify restitutions, payments, and fees from Plaintiff and to shield themselves from liability from the wrongful actions committed against Plaintiff.

141.   Defendants clear intention was to use falsely arrest, and falsely prosecute Plaintiff and to cause harm to Plaintiffs without proper motive, excuse, or justification of any kind.

142.   Defendants' use of criminal process for the aforementioned improper purpose amounted to an abuse of said process, which was initiated and used to the detriment of Plaintiff solely for a purpose that was/is outside the legitimate ends of the criminal process (i.e. to prevent criminal and professional liability to Defendants and to obtain personal monetary returns).

143.   As a direct consequence of the Collective Defendants' wrongful actions, grossly negligent behavior, and violation of state/federal laws, Plaintiff was deprived of her freedom, subjected to false criminal arrest, subjected to malicious criminal prosecution, made to suffer great personal physical injuries, made to suffer financial/monetary injuries, subjected to great fear, terror, personal humiliation and degradation , and continues to suffer pain and mental and emotional distress as a result of the aforesaid unlawful conduct of the Defendants.

144.   As a direct consequence of the actions of the Defendants acting in furtherance of their duties as agents of the CITY OF LONG BEACH, Plaintiff suffered permanent, serious and debilitating physical injuries.

145.   As a direct consequence of the actions of the Collective Defendants, Plaintiff suffered loss of employment, loss of employment opportunity, loss of standing in the community, loss of time, loss of freedom, loss of quality of life, criminal record, arrest record, damage to name and reputation, special damages, attorney's fees, medical fees/costs, incidental fees/costs, loss of property and other financial impairments.

146.   That by reason of the foregoing, Plaintiff has been damaged in the sum of fifteen million dollars ($15,000,000.00) - not including the cost of this action and attorneys' fees.

## AS AND FOR COUNT SEVEN
## MALICIOUS PROSECUTION *(Under State Law)*

147.   The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 146 of this Complaint with the same force and effect as though fully set forth herein.

148.   The Collective Defendants lacked reasonable suspicion to stop and detain the Plaintiff and further lacked any probable cause to arrest her, cause her to be arrested, and/or to retain her in custody.

149.   Without such probable cause, Defendants wrongfully used physical force to arrest and detain the Plaintiff. During said time, Plaintiff was physically prevented from leaving the custody and kept there under the supervision and knowledge of the Defendants without access to his freedom, family and home. Defendants then fabricated false statements, falsified records, mis characterized facts, and engaged in perjury in Court in an attempt to justify their excessive force upon, and false arrest of Plaintiff.

150.     The subsequent malicious prosecution of Plaintiff, which was conducted by Collective Defendants with knowledge that Plaintiff was wrongfully stopped, falsely detained, assaulted/battered, AND wrongfully arrested, without any cause, was committed by Defendants under color of law, customs, and statutes of the State of New York. Defendants then fabricated false statements, falsified records, mis characterized facts, and engaged in perjury in an attempt to justify and further their malicious prosecution of Plaintiff.

151.     Under color of law, the Defendants deprived Plaintiff of her rights to protection from unlawful search and seizure by falsely charging Plaintiff criminally and prosecuting the Plaintiff pursuant to said criminal statutes, for which there was no evidence or substantiation of any kind to support the allegations.

152.     The accusations of wrongful actions leveled against Plaintiff were false and were an attempt to cover up the false arrest and abuse of process which has been inflicted by Defendants on Plaintiff.

153.     The malicious prosecution of Plaintiff without probable cause, and other wrongful acts conducted against the Plaintiff by Defendants constitutes a violation of Plaintiff's rights, secured by the New York State Constitution, to be free from unreasonable searches and seizures. Such actions were grossly negligent, reckless, unreasonable and unauthorized, as Defendants had a duty to not subject Plaintiff to summary punishment, but failed to prevent same and breached their duty.

154.     The Defendants acted under color of law to deny the Plaintiff his constitutional rights to due process and freedom from seizure, by wrongfully detaining them under the threat of imprisonment, without providing any reasonable basis and/or investigation warranting prosecution, or other due process guarantees secured to the Plaintiff.

155.    As a direct consequence of the actions of the Defendants acting in furtherance of their duties as agents of the CITY OF LONG BEACH, Plaintiff suffered loss of employment, loss of employment opportunity, loss of standing in the community, loss of time, loss of freedom, loss of quality of life, criminal record, arrest record, damage to name and reputation, special damages, attorney's fees, medical fees/costs, incidental fees/costs, loss of property and other financial impairments.

156.    That by reason of the foregoing, Plaintiff has been damaged in the sum of fifteen million dollars ($15,000,000.00)- not including the cost of this action and attorneys fees.

### *PUNITIVE DAMAGES ARE APPROPRIATE*
*(As To The Individual Defendants Only, Not Municipal Defendant City)*

157.    The acts of the individual Defendants were willful, wanton, malicious and oppressive and were motivated solely by a desire to harm Plaintiff, without regard for Plaintiff's well beings, and were based on a lack of concern and ill-will towards Plaintiffs. Such acts therefore deserve an award of Twenty Million Dollars ($20,000,000.00) as punitive damages.

**WHEREFORE,** the Plaintiff demands judgment against the Defendants:

a)    As for Count One in the sum of fifteen million ($15,000,000.00) dollars;

b)    As for Count Two in the sum of fifteen million ($15,000,000.00) dollars;

c)    As for Count Three in the sum of fifteen million ($15,000,000.00) dollars;

d)    As for Count Four in the sum of fifteen million ($15,000,000.00) dollars;

e)    As for Count Five in the sum of fifteen million ($15,000,000.00) dollars;

f)    As for Count Six in the sum of fifteen million ($15,000,000.00) dollars;

g)      As for Count Seven in the sum of fifteen million ($15,000,000.00) dollars;

h)      Punitive damages in the amount of twenty million dollars ($20,000,000.00);

i)      costs and attorneys fees pursuant to *42 U.S.C.* §1988 and as otherwise allowed by law; and

j)      Any and all other relief this Court deems appropriate and just.

Dated: Malverne, New York
        October 30, 2020

Iaconis Fusco, LLP

Joseph P. Fusco, Esq.

Attorney for Plaintiff

340 Trinity Place
Malverne, New York 11565